IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JAN 19 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

MARY E. BAKER, *et al.*,

Plaintiffs,

v.                                                    Civil Action No. 2:10cv199

DOLGENCORP, INC.

Defendant.

## ORDER AND OPINION

This matter comes before the Court on the Parties' Joint Motion to Seal Settlement Agreements. Doc. 36. For the reasons explained herein, the Court **DENIES** the motion to seal.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant case arises out of a claim for overtime compensation that Plaintiffs allege is due under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Originally, 2,400 plaintiffs joined in a collective action lawsuit against Defendant Dolgencorp, Inc. ("Dolgencorp" or "Dollar General") in the Northern District of Alabama. The case was later decertified, however, and the individual cases were severed. Ultimately, over 1,600 lawsuits were transferred to various district courts spanning the country. Eleven (11) plaintiffs were transferred to this division of this Court, while approximately 796 other cases remain pending in thirty-seven (37) federal districts.

The eleven (11) plaintiffs brought to this division eventually reached a settlement with Dolgencorp. Because it is well established that the settlement of an employee's FLSA action must be approved by a federal court through "a stipulated judgment" after the court "scrutiniz[es] the settlement for fairness," Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th

1

Cir. 1982), Plaintiffs and Dolgencorp submitted a Joint Motion for Order Approving Individual Settlements. See Doc. 29. As both parties note, in that submission, the parties "did not specifically file a motion to seal the settlement agreements." Doc. 36 at 2. The parties did, however, entitle their motion a "Joint Motion for Order Approving Individual Settlements" *without attaching any* of the settlement agreements.[1] Doc. 29 at 8. Obviously, the Court could not scrutinize the settlement for fairness without examining the actual agreements; therefore, the Court requested the settlements.

If employees and employers in an FLSA action attempt to keep settlement documents under seal, this Circuit's precedent requires a district court to first give the public both (1) notice and a (2) reasonable opportunity to challenge any decision to keep such an agreement confidential. See In re Knight Publ'g Co., 743 F.2d 231, 234–35 (4th Cir. 1984) (holding that the district court erred in closing the courtroom and sealing courtroom documents in a criminal case without first giving the public notice and an opportunity to be heard); Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 178, 181 (4th Cir. 1988) (extending application of the Knight requirements to civil cases); Boone v. City of Suffolk, Va., 79 F. Supp. 2d 603, 609 (E.D. Va. 1999) (applying the Knight requirements when parties moved to file FLSA settlements under seal). For that reason, the Court scheduled a public hearing on October 27, 2010 regarding both the approval and potential sealing of the settlement agreements. The Court provided reasonable notice of its intention to hold such a hearing.[2]

---

[1] In fact, the parties only agreed to release their settlement agreements upon a request by the Court for an *in camera* inspection. Facing a similar situation, the District Court for the Western District of Virginia recently stated, "Of course, I could not judge the fairness of any settlement without knowing the amount of money paid. *In camera inspection of such essential evidence in these circumstances is the functional equivalent of a filing under seal.*" Murphy v. Dolgencorp, Inc., Nos. 1:09cv7, 1:09cv14, 2010 WL 3766946 at *1 (W.D. Va. September 21, 2010) (emphasis added) (citing Dees v. Hydradry, Inc., No. 8:09cv1405, 2010 WL 1539813, at *11 n.21 (M.D. Fla. Apr. 19, 2010); Bartelloni v. DeCastro, No. 05-80910, 2007 WL 2155646, at *1 (S.D. Fla. July 26, 2007)).

[2] On September 21, 2010, the Court placed the date of the public hearing on the docket, which is accessible to the general public. In addition, the Court provided separate public notices regarding the motion hearing on each of the

2

No member of the public or press appeared at the hearing. After scrutinizing the individual agreements, the Court found the settlements to be fair and reasonable under the provisions of the FLSA. See Doc. 34 at 3 (Order Approving Settlement for Fairness). The Court did not permanently seal the settlement documents, though, and ordered counsel for Dolgencorp to brief the issue of sealing the settlements by November 26, 2010.[3] Id. Two (2) days after the public hearing, Timothy F. McGlone ("McGlone"), an interested citizen, filed a memorandum opposing any motion to seal the settlement documents. See Doc. 31. Dolgencorp responded to McGlone on November 8, 2010. Doc. 33. On November 24, 2010, pursuant to the Court's order, Dolgencorp submitted a Joint Motion to Seal. Doc. 36.

## II. DISCUSSION

Parties are typically permitted, and often encouraged, to reach private settlements. In many cases, private or confidential settlements provide parties with incentives to reach amicable resolutions, especially where one party fears that publicity of a settlement could potentially encourage additional litigation. Courts do not normally play a role in confidential settlements, largely because they are purely private contractual agreements—they are generally not filed with the court and thus do not become part of the public or judicial record. Lastly, courts regularly allow private settlement agreements because they usually promote desirable results and avoid protracted litigation.

Settlement agreements arising under the FLSA, however, are unique. First, they are not exclusively private transactions. See Walton v. United Consumers Club, Inc., 786 F.2d 303, 306 (7th Cir. 1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay. Once the Act makes it impossible to agree

---

Court's daily docket announcements for the following days: Friday, October 22, 2010; Monday, October 25, 2010; Tuesday, October 26, 2010; and Wednesday, October 27, 2010, the date of the hearing.
[3] The Court directed the clerk to temporarily seal all settlement documents until advised otherwise. See Doc. 34.

3

on the amount of pay, it is necessary to ban private settlements of disputes about pay."). Second, they receive heightened review because federal courts are charged with the responsibility of scrutinizing FLSA settlements for fairness. See Lynn's Food Stores, Inc., 679 F.2d at 1353.

As this Court previously held in Boone v. City of Suffolk, Va., the common law right of access to judicial records and documents is implicated in a motion to file an FLSA settlement agreement under seal. See 79 F. Supp. 2d at 608 ("This right of access has been grounded in the democratic process itself and in a 'citizen's desire to keep a watchful eye on the workings of public agencies.'") (quoting Nixon v. Warner Comm'n, Inc., 435 U.S. 589, 598 (1978)). It is undisputed that an FLSA settlement agreement, submitted to a court for judicial approval, is a judicial record that triggers the common law right of public access. Put simply, the public has an interest in determining whether the Court is properly fulfilling its duties when it approves an FLSA settlement agreement. Boone, 79 F. Supp. 2d at 609; see also Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986) (recognizing that a "court's approval of a settlement or action on a motion are matters which the public has a right to know about and evaluate"); Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) ("Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'") (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706–07 (1945)).

The presumption of public access can be rebutted, on the other hand, "if countervailing interests heavily outweigh the public interests in access." Rushford v. New Yorker Magazine Inc., 846 F.2d 249, 253 (4th Cir. 1988). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." Id. The Court

considers a broad array of factors when weighing the interest in sealing against the interest in public access, including "whether the records are sought for improper purposes such as promoting public scandals or gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." Knight, 743 F.2d at 235 (citing Nixon, 435 U.S. at 597–608).

Here, the parties advance one interest in support of sealing the settlement agreements: sealing will maintain the confidentiality necessary to "facilitate meaningful discussions" with the approximately 796 pending plaintiffs in other districts "by limiting the scope of [those] negotiations to each plaintiff's specific circumstance." Doc. 36 at 4. The motion to seal goes on to state, "If one plaintiff were to share the amount of his/her settlement with other plaintiffs (or if plaintiffs' counsel did the same), this disclosure could unnecessarily and inappropriately impact the various plaintiffs' beliefs in the values of their cases." Doc. 36 at 4–5. Whether the need to maintain confidentiality under these circumstances serves as a genuine interest is debatable. Such confidentiality does not, however, constitute a *countervailing interest* that warrants sealing.

First, the Court is uncertain how sealing these eleven (11) settlement agreements, which according to the parties' representations at the fairness hearing were based on individual circumstances unique to each plaintiff, would be adverse to Dolgencorp as it continues to reach settlements with other plaintiffs. Simply keeping these eleven (11) settlement agreements confidential from other plaintiffs would not prevent a *similar individualized settlement process* from occurring. The Joint Motion to Seal fails to address exactly how sealing the present settlements would facilitate other negotiations. The instant settlements were negotiated according to the unique facts of each plaintiff's case and disclosure of these individual

settlements should not impede settlement agreements that are similarly based on other plaintiffs' specific circumstances.

Next, the parties' blanket assertion that confidentiality establishes a countervailing interest lacks merit. The Court recognizes that confidentiality often motivates litigants to settle. See Stephens v. Cnty. of Albemarle, 422 F. Supp. 2d 640, 644 (W.D. Va. 2006) (recognizing that "[i]n the context of settlement agreements, the Court is well aware that confidentiality may be a paramount concern to the parties"). And as the Court readily acknowledged in Boone, "unsealing the terms of the settlement agreement may chill the efforts of future litigants to settle." 79 F. Supp. 2d at 609. But the parties' mere interest in maintaining the privacy of the terms of settlement does not constitute a countervailing interest sufficient to rebut the presumption of public access to judicial records, especially when parties are not required to resolve FLSA claims in court. Section 29 U.S.C. § 216(c) "creates the possibility of a settlement, supervised by the Secretary [of Labor] to prevent subversion [of the interests underlying the FLSA], yet effective to keep out of court disputes that can be compromised honestly." Walton, 786 F.2d at 306. By bringing the instant FLSA claim to court, the parties have "opted to proceed in a forum that 'recognize[s] a general right to inspect and copy public records and documents, including judicial records and documents.' " Poulin v. Gen. Dynamics Shared Res. Inc., No. 3:09cv58, 2010 WL 1655962, at *2 (W.D. Va. April 23, 2010) (quoting Media Gen. Operations, Inc. v. Buchanan, 417 F.3d 424, 428 (4th Cir. 2005)). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).

The Court must address one (1) other matter raised by the parties. The parties emphasize that the internal confidentiality provisions found within the settlement agreements served as a

6

"material inducement" to enter settlement. Doc. 33 at 3. These acknowledgements are found in two (2) separate sections of the settlement agreements: "[O]ne section contains the confidentiality obligations that apply to each Plaintiff and the other section contains the similar obligations that apply to each Plaintiff's counsel." Id. However, the individual settlements are not conditioned upon the Court's sealing of the settlement agreements, nor has either party moved to void the settlement agreements if the Court declines to seal them. The Court's decision to deny the motion to seal, while it weakens the efficacy of the confidentiality provisions, will not affect the parties' individual agreements to refrain from disclosing settlement terms to third parties. The Court does not believe that its ruling to deny the present motion to seal will significantly impede related settlements, nor does it **FIND** that the subject of the settlement agreements will be rendered void as a result of its ruling.

### III. CONCLUSION

Because of the FLSA's underlying public policy, and considering the statute's requirement that any settlement be supervised, the public's right of access to judicial records and documents undoubtedly applies to the instant matter. The parties have failed to meet their burden of identifying any countervailing interest that outweighs the presumption of access. Accordingly, the Court **DENIES** the Joint Motion to Seal.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record and McGlone.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR
SENIOR UNITED STATES DISTRICT JUDGE

7

Norfolk, Virginia

DATE: January 19th, 2011

8